IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMMY LEE BROWN, | ) | |
|            **Plaintiff** | ) | **C.A. No.  21-123 Erie** |
|      **v.** | ) | |
| | ) | **District Judge Susan Paradise Baxter** |
| SAINT VINCENT HEALTH CENTER, | ) | |
| et al., | ) | |
|            **Defendants.** | ) | |

## MEMORANDUM OPINION

### I.  INTRODUCTION

#### A.  Relevant Procedural History

Plaintiff Jimmy Lee Brown initiated this *pro se* action on April 19, 2021, by filing a complaint against Defendants Saint Vincent Health Center ("SVHC"), and SVHC employees Paul Matters ("Matters") and Travis Phelps ("Phelps"), alleging that Defendants violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), the Americans with Disabilities Act ("ADA"), 42 U.S.C.  §12133, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). In addition, Plaintiff alleges a claim of retaliation under Title VII, the ADA, and/or the ADEA, as well as an apparent claim of hostile work environment.

On July 26, 2021, Defendants SVHC and Matters filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. [ECF No. 11], which this Court granted in part and denied in part pursuant to a Memorandum Opinion and Order, dated March 23, 2022 [ECF Nos. 21, 22]. Specifically, the Court dismissed all claims against Defendants SVHC and Matters, with prejudice, except for Plaintiff's Title VII claims of

discrimination against Defendant SVHC, which were dismissed without prejudice to Plaintiff's right to file an amended complaint within thirty (30) days of the date of the Order. [ECF No. 22]. In particular, the Order specified that Plaintiff's amended complaint "may only state allegations related to Plaintiff's Title VII claims of discrimination based on race, color, and national origin against Defendant [SVHC]." Id.[1]

In response to this Order, Plaintiff filed a motion for leave to file amended complaint on April 4, 2022, against Defendant SVHC [ECF No. 23]; however, Defendant SVHC filed a response asking that the Court deny Plaintiff's motion because the proposed amendment failed to comply with this Court's Order [ECF No. 25]. The Court agreed with Defendant and ultimately denied Plaintiff's motion by Order dated October 3, 2022, which also provided Plaintiff another opportunity to file an amended complaint in compliance with this Court's Order by October 24, 2022. Plaintiff subsequently filed an amended complaint against Defendant SVHC on October 11, 2022 [ECF No. 31].

Presently pending is Defendant SVHC's motion to dismiss the amended complaint for failure to comply with this Court's Order and for failure to state a claim upon which relief may be granted. [ECF No. 32]. Plaintiff has filed a response to Defendant's motion [ECF No. 34], and Defendant has filed a reply brief [ECF No. 35]. This matter is now ripe for consideration.

---

[1] In response to this Court's Order, the Clerk appropriately terminated Defendant Matters from this action because all claims against him were dismissed, with prejudice. Regrettably, however, Defendant Phelps was also terminated from this action at the same time, in error, apparently prompted by Plaintiff's filing of an amended complaint against only Defendant SVHC. This was an unintentional consequence of the wording of the Court's Order, which presumably caused Plaintiff to exclude his claims against Defendant Phelps from his amended complaint, even though Plaintiff's original claims against Defendant Phelps have never been addressed by the Court because Defendant Phelps has never been properly served in this case. As a result, such claims remain pending in this case. To correct this procedural error, the Court will direct the Clerk to reinstate Defendant Phelps as a Defendant in this case, and Plaintiff will be ordered to properly serve Defendant Phelps forthwith.

### B.   Allegations of the Amended Complaint

As with his original complaint, Plaintiff's allegations against Defendant SVHC in the amended complaint are sparse. The first and second pages consist of a listing of docket entries in this case, succeeded by the following grievance:

> The Plaintiff shows that Defendants were served but the Honorable Judge Baxter continues to help and side with the Defendants therefore I will argue all the way to the Supreme Court the actions of Susan Paradise Baxter due to the following cases tried by Supreme Court showing Plaintiffs Title VII claim of discrimination of fact of all briefings sent in to the Courts also showing Plaintiff requested a [sic] in court hearing. See court case below similar case to Plaintiff's

(ECF No. 31, at p. 2) (original in all capital letters).

The foregoing statement is then followed by a three-page summary of the United States Supreme Court opinion in Johnson v. Transportation Agency, a 1987 case in which the Court upheld the Transportation Agency's implementation of an Affirmative Action Plan for hiring and promoting minorities and women. Plaintiff then concludes with the following:

> Title VII claims which include quid pro quo harassment and hostile work environment
>
> Retaliation Title VII prohibits an employer from retaliating against a [sic] employees or applicants when they assert their rights under the Title VII law to try to have Plaintiff sign documents to not persue [sic] action lawsuit to keep employment and when employment and when Plaintiff did not fire him from employment.
>
> This clearly is a case of negligence of the court
>
> The Plaintiff was in a hostile work inviroment [sic] that violates Title VII claim of discrimination that this said Court unlawfully turns a blind eye to and will squash Plaintiffs case in which shows online that said Judge Baxter has ruled in favor of Defendants lawyer.

(Id. at p. 5) (Original largely in all capital letters).

## II.    DISCUSSION

As noted by Defendant SVHC in its motion to dismiss, the foregoing allegations of Plaintiff's amended complaint are devoid of "any factual support whatsoever relating to his Title VII claim for discrimination based on race, color, or national origin against SVHC" as required by this Court's Order dated March 23, 2022. (ECF No. 33, at p. 3). In short, Plaintiff has failed to address, let alone correct, the deficiencies of his Title VII discrimination claim previously identified by the Court, despite having been granted more than ample opportunity to do so. Plaintiff has not explained precisely what happened to him and by whom. Moreover, Plaintiff appears to be attempting to restate claims of retaliation, harassment, and hostile work environment that were previously dismissed by this Court, which he simply cannot do [See ECF No. 22].

Due to Plaintiff's continued failure and/or refusal to comply with this Court's Order to set forth sufficient factual allegations to satisfy the elements of a Title VII discrimination claim against Defendant SVHC, the Court finds that providing Plaintiff further opportunity to amend his complaint would be futile. Consequently, Defendant SVHC's motion to dismiss will be granted and Plaintiff's claims against Defendant SVHC will be dismissed, with prejudice.

An appropriate Order follows.